# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

**CLARENCE A. HILL, JR.**                                                                               **PLAINTIFF**

**v.**                                     **CIVIL ACTION NO. 4:18-CV-P171-JHM**

**JAIL COMMANDER ART MAGLINGER** *et al.*                         **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This is a *pro se* civil rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff Clarence A. Hill, Jr., leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss certain claims but allow Plaintiff the opportunity to amend his complaint.

### I. SUMMARY OF COMPLAINT

Plaintiff is incarcerated at the Daviess County Detention Center (DCDC). He names three DCDC officials as Defendants in this action – "Jail Commander"/Chief Jailer Art Maglinger, "2nd Command" Major Jack Jones, and "3rd Command" Lt. Moore. Plaintiff sues Defendants Maglinger and Jones in both their official and individual capacities. Plaintiff does not indicate in what capacity he sues Defendant Moore, but construing the complaint broadly, as the Court is required to do at this stage, the Court construes the complaint as suing Defendant Moore in both his official and individual capacities as well.

Plaintiff makes the following allegations in his complaint:

> This jail has several problems in it. It has been overcrowded the whole time that I've been here. Sept. 15, 2018 is when I got arrested there has been at least 25 people in here at all times and at least 7 people on the floor. The only reason why it might be a little smaller at times is because people in the cell tell the new people coming in that are weak or old if they don't fight, they better get out of the cell or

they will get beat up pretty bad or they might even get extorted by the people in here with them.

Another problem in here is the food service. Most of the time when we get trays they are always cold. And the portion that they feed us like we are young children in school, not grown up men.

An with the cell's being overcrowded, we are all in unclean conditions no matter how many time we try to clean are cells. Also they are suppose to bring the cleaning supply cart in twice a day most of the time they don't. A lot of the times the mop's and brooms and the cleaning brush we are suppose to clean the shower isn't clean. Also the unclean conditions we have when they change out clothes, towels, sheets or whatever it is. They pass it out on 3rd shift most of the time usually late and a lot of people don't get up or they run out of the [illegible] before we get it.

Also, I am a state inmate and they have me sleeping on the floor. They should at least have me sleeping on a boat. Plus I am 47 yrs old and I have back problems and they have me sleeping on the concrete floor.

Plus, there is a person in here that was moved from building III from Laundry that has MRSA Staph Infections . . . That person is suppose to be by hisself. Because if something happens and he starts bleeding then any and everybody is at risk of getting that disease.

And all of those issues causes fights, stressing among the environment that we are being housed in. [Illegible]. People getting extorted. People cell bossing the weak, the scared, and the older people.

Because it has been on the news that this Jail is housing over 780 prisoners in a 600 prisoner detention center.

Also it is a federal lawsuit to have any state inmates sleeping on the floor . . .

Plus, they are suppose to house all state inmate together, and to keep county and state inmates apart from each other.

As relief, Plaintiff seek punitive damages.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon

2

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a § 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

"[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). However, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). "Extreme deprivations are required to make out a conditions-of-confinement claim" under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). To succeed on such a claim, a plaintiff must show that the condition is, objectively, "sufficiently serious," and the prison official, subjectively, had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834.

A. OVERCROWDING

The Sixth Circuit has held that "overcrowding is not, in itself, a constitutional violation." *Agramonte v. Shartle*, 491 F. App'x 557, 560 (6th Cir. 2012). To allege extreme deprivation to support a viable prison-overcrowding claim, an inmate must allege that the overcrowding results in "deprivations denying 'the minimal civilized measure of life's

necessities.'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). "[I]f the overcrowding results in the denial of a basic human need, such as food, shelter, or warmth, that would be a constitutional wrong." *Starnes v. Green Cty. Sheriff's Dep't*, No. 2:08-cv-244, 2010 U.S. Dist. LEXIS 52139, at *12 (E.D. Tenn. May 26, 2010). Plaintiff's allegations do not meet this standard. *See Agramonte v. Shartle*, 491 F. App'x at 559-60 (finding allegations that the number of toilets, showers, wash basins, and showers had not increased with the increased population, and that there were lines to use the bathrooms and showers failed to state an overcrowding claim because plaintiff failed to allege an unconstitutional denial of basic needs); *see also Sander v. Duchak*, No. 3:18-cv-102, 2018 U.S. Dist. LEXIS 157706, at *12 (S.D. Ohio Sept. 17, 2018) (finding allegation that overcrowding at jail caused unsafe and dangerous environment "to the point that there are numorous [sic] physical altercations, assaults, and rapid acts of violence" failed state to an Eighth Amendment claim because the plaintiff did not allege "that any of the potential dangers he identified actually caused him any harm") (citing *Halliburton v. Sunquist*, 59 F. App'x 781, 782 (6th Cir. 2003)); *Bakke v. Clark Cty. Jail*, No. 3:15-CV-05713-BHS-DWC, 2015 U.S. Dist. LEXIS 158886, at *8 (W.D. Wash. Nov. 23, 2015) (dismissing claim based upon general allegation that overcrowding caused "unsanitary restrooms" because the plaintiff did not allege any specific facts showing that restrooms were not fit for "human habitation"); *Keeling v. Louisville Metro Corr. Dep't*, No. 314-CV-P697-DJH, 2015 U.S. Dist. LEXIS 69415, at *4-5 (W.D. Ky. May 29, 2015) (finding that plaintiff's allegations that the cell pods are crowded and that there was fighting over toiletries, soap, seating, and beds are not deprivations of the minimal civilized measure of life's necessities and, therefore, failed to state a claim upon which relief may be granted).

Plaintiff also alleges that the overcrowding at the jail has resulted in him being forced to sleep on the floor. Plaintiff, however, does not allege that he has not been provided a mattress or mat to sleep on. This allegation does not state a claim of constitutional dimension because a prisoner has no right to sleep on an elevated bed. *See Sanders v. Kingston*, 53 F. App'x 781, 783 (7th Cir. 2002) ("We know of no case holding that the Eighth Amendment requires elevated beds for prisoners, and [plaintiff] does not cite one."); *Mann v. Smith*, 796 F.2d 79, 85 (5th Cir. 1986) (The plaintiff "has cited no case holding that the Constitution requires elevated beds for prisoners, and we know of no source for such a right."); *Graves v. Boyd*, No. 5:16-CV-P51-TBR, 2016 U.S. Dist. LEXIS 107343 (W.D. Ky. Aug. 15, 2016) (holding that "a prisoner has no constitutional right to sleep on an elevated bed").

The Court further notes that, with regard to the above allegations, Plaintiff has not alleged actual harm, or a risk of serious harm, by the conditions in question. *See, e.g.*, *Benjamin v. Fraser*, 343 F.3d 35, 51 n.17 (2d Cir. 2003) ("To establish the deprivation of a basic human need . . . an inmate must show 'actual or imminent harm.'") (quoting *Lewis v. Casey*, 518 U.S. 343, 350 (1996)).

Thus, the Court will dismiss Plaintiff's claims based upon overcrowding for failure to state a claim upon which relief may be granted.

**B. DIET**

Plaintiff next claims that the food provided to the inmates at DCDC is cold and that the inmates are fed "like we are young children in school, not grown up men." Neither of these allegations is sufficient to support a claim under the Eighth Amendment.

As to Plaintiff's allegations regarding cold food, courts have recognized that "cold food . . . is an ordinary incident in prison life." *Thaddeus-X v. Blatter*, 175 F.3d 378, 404 (6th Cir.

1999) (collecting cases) (Surheinrich, J., dissenting). Consequently, a prisoner's claim that he was served cold meals does not rise to the level of a constitutional deprivation. *See Laufgas v. Speziale*, 263 F. App'x 192, 198 (3d Cir. 2008); *Strauss v. Ray*, No. 99-5370, 2000 U.S. App. LEXIS 14525, at *7 (6th Cir. Jun. 19, 2000) (citing *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1575 (11th Cir. 1985)); *Brown-El v. Delo*, 969 F.2d 644, 648 (8th Cir. 1992) (holding that prisoner's claim that he was denied his Eighth Amendment rights when he was served cold food was frivolous); *Jackson v. Heyns*, No. 13-636, 2013 U.S. Dist. LEXIS 161355, at *17 (W.D. Mich. Nov. 13, 2013) (holding that regular receipt of cold or lukewarm food by segregation prisoners does not implicate the Eighth Amendment).

The Court next considers Plaintiff's allegation that the meals served to DCDC inmates are inadequate. Under the Eighth Amendment, prisoners must be provided meals nutritionally sufficient to sustain their normal health. *Cunningham v. Jones*, 567 F.2d 653, 660 (6th Cir. 1977); *Curry v. Bobby*, No. 4:09-cv-614, 2010 U.S. Dist. LEXIS 28290, at *14 (N.D. Ohio Mar. 25, 2010). However, Plaintiff's broad allegation, without more detail, is simply too conclusory to support an Eighth Amendment claim. *See, e.g.*, *Montague v. Schofield*, No. 2:14-cv-292, 2015 U.S. Dist. LEXIS 53208, at *34 (E.D. Tenn. Apr. 22, 2015) ("Absent contentions such [as lost weight or other adverse effects], there is nothing factual from which the Court can reasonably infer that the food plaintiff is being served falls below the constitutional nutritional floor."); *Cf. Ward v. Gooch*, No. 5:07-CV-389-JMH, 2010 U.S. Dist. LEXIS 118566 (E.D. Ky. Nov. 5, 2010) (evidence that inmate lost almost 70 pounds over 10-month period and received 200-700 calories a day for almost a year was sufficient to raise genuine issue of material fact as to whether conditions rose to the level of being objectively, "sufficiently serious") (quoting *Farmer,* 511 U.S. at 834)).

Thus, the Court will dismiss Plaintiff's claims based upon his diet for failure to state a claim upon which relief may be granted.

## C. HOUSING WITH COUNTY INMATES

Plaintiff also claims that "county" and "state" inmates should not be housed together. However, while state law may dictate the duration and circumstances under which a convicted inmate can be held in a county facility, an inmate does not enjoy a federal constitutional right to be housed in any particular facility or a particular part of the facility. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 576 (6th Cir. 2005); *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam) (rejecting claim that being held in a county facility was more disagreeable than if plaintiff had immediately been transferred to a state facility); *Galloway v. Henderson Cty.*, No. 4:16CV-P156-JHM, 2017 U.S. Dist. LEXIS 79330, at *8 (W.D. Ky. May 24, 2017) (holding no cognizable § 1983 claim based upon housing of federal, state, and county inmates together). Thus, the Court will also dismiss this claim for failure to state a claim upon which relief may be granted.

## D. MRSA

Finally, Plaintiff alleges that his rights have been violated because jail officials moved an inmate infected with "MRSA," or Methicillin-Resistant Staphylococcus Aureus, into his cell. This allegation appears sufficient to rise to the level of a constitutional magnitude since it suggests that Plaintiff may have been placed at risk of serious harm. However, for the reasons set forth below, Plaintiff has failed to state a claim against Defendants in either their official or individual capacities with regard to this allegation.

**1. Official-Capacity Claims**

"[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against Defendants are actually against the Defendants' employer, Daviess County. *See, e.g.*, *Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff does not claim that the placement of one inmate infected with MRSA into Plaintiff's cell was the result of a custom or policy implemented or endorsed by Daviess County, as opposed to the decisions of individual officials within the jail. Thus, Plaintiff's official-capacity claims will be dismissed for failure to state a claim upon which relief may be granted.

### 2. Individual-Capacity Claims

To the extent that Plaintiff brings individual-capacity claims against Defendants for the placement of a MRSA-infected inmate in his cell, these claims also fail. Plaintiff does make any reference to Defendants in his statement of the claim. The Court, therefore, construes the complaint as suing Defendants for their purportedly supervisory roles at DCDC. However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, to establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy*, 729 F.2d at 421 (citing *Hays v. Jefferson Cty., Ky.*, 668 F.2d 869, 872-74 (6th Cir. 1982)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Thus, because the complaint makes no reference to Defendants and, therefore, fails to demonstrate that they encouraged or implicitly authorized, approved, or knowingly acquiesced in

any unconstitutional conduct with regard to the MRSA allegation, Plaintiff's individual-capacity claims against them will be dismissed for failure to state a claim upon which relief may be granted.

### 3. Amended Complaint

The Court, however, will provide Plaintiff the opportunity to amend his complaint to name as Defendants any individuals who were allegedly involved in the placement of an inmate infected with MRSA into his cell and who had a "sufficiently culpable state of mind." *See, e.g.*, *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) of the Federal Rules of Civil Procedure, a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**The Clerk of Court is DIRECTED to terminate Defendants Maglinger, Jones, and Moore as Defendants in this action.**

**IT IS FURTHER ORDERED that within 30 days from the entry date of this Memorandum Opinion and Order, Plaintiff may file an amended complaint in which he identifies any individuals who were allegedly involved in the placement of an inmate infected with MRSA in his cell, specifies that he is suing these Defendants in their individual capacities, and describes how each Defendant has or continues to violate his constitutional rights by including details such as which Defendant purportedly did and/or**

**knew what and when.** Plaintiff should submit a completed summons form for each newly named Defendant within the same 30-day period.[1]

The Court will conduct an initial review of Plaintiff's amended complaint pursuant to § 1915A. **Should Plaintiff fail to file an amended complaint with the above information within the allotted amount of time, Plaintiff's complaint will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.**

The **Clerk of Court** is **DIRECTED** to send Plaintiff a § 1983 complaint form with this case number and the word "Amended" written in the caption along with four blank summons forms.

Date: January 15, 2019

*[signature]*

Joseph H. McKinley Jr., District Judge
United States District Court

cc: Plaintiff, *pro se*
　　Defendants
　　Daviess County Attorney
4414.011

---

[1] Regarding the completion of the summons forms, Plaintiff must: (1) prepare a summons for each Defendant sued; (2) write or type Defendant's name and address on the summons in the space provided; (3) write or type Plaintiff's name in the space provided; (4) **do not** fill in any other part of the summons form and **do not** mail the summons to any of the defendants.